IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| In re: U LOCK INC. a/k/a U-LOCK INC. | ) ) ) | Cases | 2:22-cv-1218 RJC 2:22-cv-1222 RJC 2:22-cv-1227 RJC |
| Debtor. | ) ) | | 2:22-cv-1284 RJC missing docket number RJC |
| —---------------------------------------- | ) | | |

**MOTION TO CORRECT DOCKET; MOTION TO CONSOLIDATE; and MOTION TO EXTEND BRIEFING SCHEDULE**

AND NOW COMES U Lock Inc., party herein, and moves this Court to correct the docket, consolidate some of the appeals, and to extend the time to file a brief and appendix for the parties:

### I. Background

The following appeals have been filed from decisions of the United States Bankruptcy Court for the Western District of Pennsylvania:

| Bankruptcy Court Case Number and date/docket number of appeal | Description of Order Appealed | Type of appeal and appellee | District Court Docket Number |
|---|---|---|---|
| 22-20823 Entry 121 (August 23, 2022) | Order denying motion to convert case from Chapter 7 to Chapter 11 | Appeal filed by U Lock, Inc. | 22-cv-1218 |
| 22-20823 Entry 148 (September 6, 2022) | (same) | Cross Appeal filed by Shanni Snyder | 22-cv-1284 |
| 22-2048 Entry 6 (August 23, 2022) | Order dismissing Complaint seeking damages for stay violations for lack of standing | Appeal filed by Shanni Snyder | 22-cv-1222 |
| 22-2048 Entry 20 (September 6, 2022) | (same) | Cross-appeal filed by U Lock Inc. | 22-cv-1284 |
| 22-2052 Entry 8 (August 23, 2022) | Order dismissing Complaint seeking lien priority determination for lack of standing | Appeal filed by Shanni Snyder | 22-cv-1227 |

## II. Incorrect Docketing

As shown from the chart above, the Clerk's Office of the United States District Court apparently docketed both Shanni Snyder's appeal filed in the main case, Bankruptcy 22-20823, Entry 148, and U Lock's cross-appeal in the lawsuit about stay violations, Bankruptcy 22-2048, Entry 20, at the same docket number, 22-cv-1284.  This is incorrect as they are two separate appeals about two distinct matters.

It is clear from the docket at 22-cv-1284 that this is the U Lock's cross-appeal from the 22-2048 matter.  Therefore, what is missing is Shanni Snyder's cross-appeal from the 22-20823 matter.

This Court needs to direct the Clerk's Office to correct case 22-cv-1284 to only include the 22-2048 matter *and* to open another case for Shanni Snyder's cross-appeal filed in the 22-20823 case.

## III. Case Consolidations

The appeals from the lawsuit at 22-2048, docketed at 22-cv-1222 and 22-cv-1284 should be consolidated.  A review of the issues designated by the parties reveals that the appeals involve the same issue.  The difference between U Lock's appeal and Shanni Snyder's appeal is that U Lock is arguing that it had standing because it was harmed and Ms. Snyder is arguing she had standing to file as a creditor.  Nevertheless, it's a single case, should have a single appendix, and should be consolidated for decision.

The appeal from the Order denying the motion for conversion, which is docketed at 22-cv-1218 (U Lock's appeal), but where Shanni Snyder's appeal is missing, should be consolidated as soon as the Clerk's Office assigns a case number to that appeal.

Finally, the appeal at case 22-cv-1227 should not be consolidated with the other appeals because it involves a separate matter.

## IV. Time to File Briefs and Appendices

Presently, the Court has November 21, 2022, set as the deadline to file a brief in 22cv1284, which as stated above, is a mistaken consolidation of two separate matters. Other cases appealing the same issue are due October 20, 2022 and October 24, 2022.

There does not appear to be any reason why, considering the appeals appear to be based on the same issues, that the brief and appendix for the appellant and the cross-appellant need to be on separate days.

Counsel for U Lock needs additional time to complete the brief because he thought the deadline was November 21, 2022, but had to decipher the docket sheet and is concerned it may be otherwise. In addition, he has several other briefs and hearings in unrelated matters, coupled with certain medical treatments that counsel is undergoing, that require additional time to complete the briefs in this matter.

## V. Conclusion

This Court should grant the housekeeping Order that U Lock Inc. attached hereto which directs the Clerk of Court to correct the missing docket, consolidates the matters that are related, and sets a deadline to file the briefs thirty days after the docket correct, and sets a time period for all filing fees to be paid.

Respectfully submitted,

U LOCK INC.

By: /s/ J. Allen Roth, Esq.
    J. Allen Roth, Esq.
    805 S. Alexandria St S
    Latrobe PA  15650
    (724) 537-0939
    lawmatters@yahoo.com

ATTORNEY FOR U LOCK INC.